■ STATE OF NEW YORK, Appellant, v AETNA LIFE INSURANCE COMPANY, Respondent, et al., Defendants. [614 NYS2d 66] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered June 4, 1993 in Albany County, which granted defendant Aetna Life Insurance Company's motion to vacate a default judgment and dismiss the complaint against it.

At issue on this appeal is whether Mental Hygiene Law § 43.03 (a) authorizes plaintiff to commence a direct action against an insurer to recover the fees for services rendered to an insured by a facility of the State Office of Mental Health. Supreme Court held that Mental Hygiene Law § 43.03 (a) did not authorize such an action and dismissed plaintiff's complaint against defendant Aetna Life Insurance Company. We affirm.

The statute at issue provides: "The patient, his estate, his spouse, his parents or his legal guardian if he is under twenty-one years of age, and his committee and any fiduciary or representative payee holding assets for him or on his behalf are jointly and severally liable for the fees for services rendered to the patient" (Mental Hygiene Law § 43.03 [a]).

Plaintiff contends that Aetna, which had issued a group health insurance policy that covered the decedent, Lucetta Grippen, during part of the time that she was a patient at Binghamton Psychiatric Center in Broome County, is a fiduciary within the meaning of the statute. We conclude that the Legislature did not intend to include insurance companies in the meaning of the term fiduciary as used in Mental Hygiene Law article 43. Mental Hygiene Law § 43.05 (c), which requires disclosure of a patient's financial information, specifically and separately refers to insurance companies and fiduciaries. There would be no need to include a separate reference to insurance companies if, as plaintiff contends, the term fiduciary encompasses insurance companies. It is also noteworthy that when the Legislature intends to create a right of direct action against insurers, it has done so in clear and unmistakable language (see, e.g., Insurance Law § 3420 [a] [2]; Navigation Law § 190).

Mercure, J. P., White, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.